UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERTON WHITELY,<br><br>Plaintiff,<br><br>v.<br><br>D. PIXLEY, et al.,<br><br>Defendants. | NO. CV 18-0854-AG (AGR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |

For the reasons set forth below, the court orders Plaintiff to show cause on or before **March 15, 2018,** why this court should not recommend denial of his request to proceed without prepayment of filing fees.

**I.**

**BACKGROUND**

On February 2, 2018, the *pro se* prisoner-plaintiff filed a civil rights complaint along with a Request to Proceed in forma pauperis ("IFP Request"). The Court has screened the complaint to determine whether it fails to state a claim on which relief may be granted.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.

## ALLEGATIONS IN COMPLAINT

Plaintiff, a state inmate at California State Prison - Los Angeles County (CSP-LAC), alleges as follows:

On September 7, 2017, Plaintiff was seated at a meal table with three other inmates for breakfast. Officers A. Ayon and E. Gollette approached. Ayon said that one of the four inmates should get up from his current seat and instead go "f[i]ll in the other table to the end." Plaintiff responded that there was no actual seat at the indicated spot, only an empty space for a wheelchair. Ayon ordered Plaintiff to "cuff up" and placed him in a "cage" in another room, where the two officers searched him and ordered him to "take it back to" his assigned housing. (Compl. at 7-8.[1])

When Plaintiff protested that he had not yet eaten, Ayon responded that

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header. Pages 7 and 8 appear to be transposed.

Plaintiff had lost his eating privileges and gave Plaintiff two options: "take it back" "to his assign[ed] cell" or remain in the cage "for hours." Plaintiff protested that he needed "to eat because [he] take[s] medication." Over four hours later, defendants returned to the cage and Plaintiff asked for his breakfast and lunch. They ignored the request for food and ordered Plaintiff back to his cell. (*Id.* at 7.)

Asserting a single claim of cruel and unusual punishment in violation of the Eighth Amendment, Plaintiff seeks $10,000 in damages. (*Id.* at 8-9.)

## III.
## **PLAINTIFF'S COMPLAINT FAILS TO STATE A VALID CLAIM**

A prisoner alleging an Eighth Amendment violation based on prison conditions must demonstrate that prison officials were deliberately indifferent to his health or safety by subjecting him to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. *Id.* at 837-40.

First, the deprivation or harm alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, Plaintiff must allege that each defendant acted or failed to act with "deliberate indifference to inmate health and safety." *Farmer*, 511 U.S. at 834-36. A prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To state a claim based on food deprivation, Plaintiff must allege facts showing that the deprivation of food was sufficiently serious. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). "The sustained

3

deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *See Foster v. Runnels*, 554 F.3d 807, 812, 814 (9th Cir. 2009) (finding allegations that prisoner was denied 16 meals in 23 days was "serious deprivation").

Plaintiff alleges only denial of breakfast and lunch on one day. *Garrett v. Gonzalez*, 588 Fed. Appx. 692, 692 (9th Cir. 2014) (affirming dismissal of food deprivation claim based on denial of three consecutive meals as punishment for failing to cuff up where prisoner failed to allege injury to health);[2] *see also Hoever v. Belleis*, 703 Fed. Appx. 908, 911 (11th Cir. 2017) (affirming dismissal of Eighth Amendment claim based on denial of one meal absent allegation of facts showing worsening health); *compare Dearman v.* Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (allegations that prisoner was denied food for over two days may state sufficiently serious deprivation).

Plaintiff does not allege facts indicating that denial of two meals injured his health. Although Plaintiff alleges that he told defendants that he needed to eat because he took medication, Plaintiff alleges no facts from which one reasonably could infer (1) that the denial of breakfast and lunch on one day injured his health and (2) that defendants were subjectively aware of the risk of harm and chose to ignore it. Accordingly, he does not state an Eighth Amendment claim.

## IV.

## **ORDER**

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, by no later than **March 15, 2018**, why the court should not recommend that the request to proceed without prepayment of fees be denied.

Instead of filing a response to this order to show cause, Plaintiff may file a First Amended Complaint that cures the deficiencies identified in this order. If

---

[2] *See Garrett v. Gonzalez*, 2014 U.S. Dist. LEXIS 30126, *8 (E.D. Cal. Mar. 7, 2014).

4

Plaintiff chooses to file a First Amended Complaint, it must be filed no later than *March 15, 2018*; bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself, without reference to the original complaint, or any other pleading, attachment or document. Plaintiff is free to attach additional pages to the form.

The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

If Plaintiff fails to file a response to this order to show cause or a First Amended Complaint on or before *March 15, 2018*, this court may recommend that his request to proceed without prepayment of fees be denied.

DATED: February 13, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge